Ferguson *v.* State.

Crim. 3951

Opinion delivered September 23, 1935.

John Owens, for appellant.

Carl E. Bailey, Attorney General, and Guy E. Williams, Assistant, for appellee.

McHaney, J. Appellant was convicted of grand larceny, for the theft of an automobile, the property of Mr. T. A. Bell and sentenced to one year in the penitentiary. For a reversal of the judgment and sentence against him, he first contends that the court erred in permitting the witness, Clifton Atha, to testify over his objection concerning a car supposed to have been stolen by appellant in Hot Springs, Arkansas, prior to the stealing of the Bell car. The witness had been permitted to testify that an abandoned Chevrolet automobile had been found on Highway 70 about two miles west of Daisy in Pike County, which would not run because the motor was

out of condition. He was then asked this question, and gave this answer: Q. "What investigation did you make?" A. "Well, I had information it was left there and suspicioned as being a stolen car, and I made examination of the car and found some music in car that had the address of some orchestra, had street number on it, so I called the police at Hot Springs, and they said it was stolen car belonging to some man there in Hot Springs." No objections were made by appellant to that question and the answer given. The witness was then asked: "Was that car returned to its original owner?", and answered, "Yes, sir." Appellant then moved that his testimony be excluded. The court in overruling the motion made the following statement: "I understand it is a question of connecting the defendant with the automobile. It is evident that he was guilty of some other crime of the same manner. You are not trying him, gentlemen of the jury, for stealing any other automobile than Mr. Bell's. You could not convict him of that offense, and he would only be guilty of taking the Bell car." Appellant objected to this ruling of the court and excepted. This statement of the court was error calling for a reversal of the judgment. Appellant's defense was that of an alibi. He and his witnesses testified with a great deal of force that at the time the Bell car was stolen, as well as at the time of the stealing of the other automobile in Hot Springs, he was in Fort Smith, regularly employed and working for the Yaffee Iron & Metal Company and could not have been in Pike County at the time the Bell car was stolen or at the time the Hot Springs car was stolen. He testified positively that he had not been in Pike County for more than five years. It was therefore error for the court to state, as it did, that: "It is evident that he was guilty of some other crime of the same manner." And, too, the language in the concluding sentence: "You could not convict him of that offense, and he would only be guilty of taking the Bell car," might have led the jury to believe that the court thought that, since it was evident that he was guilty of stealing the other automobile, he was also guilty of taking the Bell car.

Another argument is made by appellant that the evidence is insufficient to sustain the verdict. We disagree with appellant in this contention, but we do not think it necessary or proper to review the evidence, since it might not be the same on another trial. It is sufficient to say that we find substantial evidence to support the jury's verdict, and the case would be affirmed but for the error of the trial court in making the remarks above quoted. For this error, the judgment will be reversed, and the cause remanded for a new trial.